IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Denorris Hall, Jr., <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Department of Corrections, <br><br> Defendant. | C/A No. 1:23-3194-SAL <br><br><br> **OPINION AND ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report"). [ECF No. 7.] In the Report, the magistrate judge recommends summarily dismissing Plaintiff's claims for want of subject matter jurisdiction. *Id.* at 3–5. The Report notified Plaintiff of the procedures and requirements for filing objections to the magistrate judge's recommendation. *Id.* at 8. Plaintiff filed objections on August 10, 2023, along with motions to appoint counsel and for discovery. [ECF Nos. 11–13.] This matter is now ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Denorris Hall, Jr. ("Plaintiff") is an inmate in the South Carolina Department of Corrections ("SCDC" or "Defendant"). Proceeding *pro se*, Plaintiff brings claims against SCDC for mishandling his property during a facility transfer. [ECF No. 1 at 1–3.] Plaintiff alleges Defendant is liable for gross negligence under S.C. Code Ann. §§ 15-78-10 and 15-78-60(25) for its failure to transfer various personal items while relocating him.[1]  *Id.* at 2–3. The court

---

[1] These items include personal letters, photographs, books, and a television and cooking pot.

1

incorporates here the relevant facts and standards of law further detailed in the Report. [ECF No. 7 at 1–7.]

The magistrate judge recommends summary dismissal because the court lacks subject matter jurisdiction over Plaintiff's state law claims. *Id.* at 3–5. Plaintiff objects, arguing that jurisdiction is proper under S.C. Code Ann. § 15-78-100. [ECF No. 11 at 2.] Plaintiff's additional filings ask the court to appoint him counsel under 28 U.S.C. § 1915(e)(1) and to compel Defendant to comply with various discovery requests. [ECF Nos. 12–13.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* only the portions of the Report to which a party has specifically objected. *Id.* An objection is sufficiently specific if it reasonably alerts the court of a party's true objection to the Report. *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). The district court is reasonably alerted to a party's objection if the litigant expresses belief that the magistrate judge erred in recommending dismissal of a claim. *Id.* at 461 (citing *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017)). If instead a litigant objects only generally, the court reviews the Report for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

The magistrate judge recommends the court dismiss Plaintiff's claims for lack of subject matter jurisdiction. [ECF No. 7 at 3–7.] The Report concludes that this court may not hear Plaintiff's state law claims. *Id.* Plaintiff objects, arguing that jurisdiction is proper under the South Carolina Tort Claims Act. [ECF No. 11 at 2.] The court agrees with the magistrate judge for the reasons set forth in the Report and summarized below.

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978)). Federal courts thus have a duty to determine, *sua sponte*, whether subject matter jurisdiction exists and to dismiss an action where it does not. *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Generally, federal courts may hear cases arising under federal law and certain disputes between diverse parties. *See* 28 U.S.C. §§ 1331–32. Plaintiff's state law claims against a non-diverse litigant, SCDC, fail those requirements. Because Plaintiff does not articulate another basis for jurisdiction, the court agrees the action should be dismissed.[2]

Plaintiff objects to the Report based namely upon a reading of S.C. Code Ann. § 15-78-100(b).[3] [ECF No. 11 at 2.] The statute grants jurisdiction to the "circuit court" over claims arising

---

[2] The court also agrees that Plaintiff does not have a cognizable claim under 42 U.S.C. § 1983 for unauthorized property deprivation, to the extent he attempts to allege one. Such a claim is barred, because South Carolina provides Plaintiff an adequate post-deprivation remedy under the South Carolina Tort Claims Act. [ECF No. 7 at 6–7]; *see Dean ex rel. Harkness v. McKinney*, 976 F.3d 407, 420–21 (4th Cir. 2020).
[3] Though Plaintiff cites Federal Rule of Civil Procedure 56, the court construes his objections as efforts to avoid dismissal for lack of subject matter jurisdiction. [ECF No. 7 at 3]; *see also Gordon*

under the South Carolina Tort Claims Act. The court understands this provision to confer jurisdiction on state circuit courts, leaving the requirements of Article III undisturbed. The court finds Plaintiff's arguments concerning venue and the legal sufficiency of his claims unresponsive to the jurisdictional constraints flagged in the Report. *Id.* Plaintiff's claims are thus summarily dismissed for want of subject matter jurisdiction.

Plaintiff's remaining motions to appoint counsel and for discovery, ECF Nos. 12–13, are accordingly dismissed as moot.

## CONCLUSION

For the reasons set forth above, the Report, ECF No. 7, is adopted in its entirety and incorporated herein. This case is therefore summarily **DISMISSED** without prejudice to file in an appropriate jurisdiction.

**IT IS SO ORDERED.**

October 17, 2023                                   Sherri A. Lydon
Columbia, South Carolina                           United States District Judge

---

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (instructing courts to construe a *pro se* litigant's claims liberally).